IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KHALIFAH E.D. SAIF'ULLAH,

       Plaintiff,               No. CIV S-05-0829 LKK GGH P

   vs.

CALIFORNIA BOARD OF
PRISON TERMS, et al.,

       Defendants.      <u>ORDER</u>

_____/

       Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

       Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $4.89 will be assessed by this order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

1        Plaintiff alleges that he is challenging parole procedures.  State prisoners may

2 bring § 1983 actions challenging the constitutionality of state parole procedures.  Wilkinson v.

3 Dotson, ___ U.S. ___, 125 S.Ct. 1242 (2005).  Plaintiff first claims that in considering his parole

4 suitability, the Board of Prison Terms (BPT) should apply the regulations applicable to inmates

5 sentenced under the Indeterminate Sentencing Law (ISL).  Prior to 1977, California had an

6 indeterminate sentencing law.  Effective July 1, 1977, California enacted the Uniform

7 Determinate Sentencing Act of 1976.  According to the complaint, plaintiff committed his crime

8 in August 1978 and was convicted in 1980.  Because plaintiff was convicted after California

9 enacted the Determinate Sentencing Law, the basis of his claim that the ISL guidelines apply to

10 him is not clear.  Accordingly, this claim is dismissed with leave to amend.  The court observes

11 that in Connor v. Estelle, 981 F.2d 1032 (9th Cir. 1992) the Ninth Circuit held that application of

12 the DSL parole suitability guidelines to inmates sentenced under the ISL did not violate the

13 federal constitutional prohibition against ex post facto laws.

14        Plaintiff also alleges that in 1989 new regulations were enacted which made the

15 standards for obtaining parole suitability more strict.  Plaintiff does not describe any of these

16 regulations.  Without this information, the court cannot determine whether plaintiff has stated a

17 colorable claim.  Accordingly, this claim is dismissed with leave to amend.

18        Plaintiff goes on to allege that the panel members at his suitability hearings have

19 pre-determined that he should be denied parole.  Plaintiff also alleges that the Board of Prison

20 Terms follows an unofficial policy of denying parole to all murderers.  Plaintiff also suggests that

21 the most recent decision finding him unsuitable was not supported by sufficient evidence.  These

22 claims do not challenge parole procedures.  Rather, these claims challenges the validity of the

23 decisions finding petitioner unsuitable for parole and should be raised in a habeas corpus

24 petition.  Accordingly, these claims are dismissed.  Plaintiff should not include these claims in an

25 amended complaint.

26 /////

1    In accordance with the above, IT IS HEREBY ORDERED that:

2    1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

3    2.  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.

4    Plaintiff is assessed an initial partial filing fee of $4.89.  All fees shall be collected and paid in

5    accordance with this court's order to the Director of the California Department of Corrections

6    filed concurrently herewith.

7    3.  The complaint is dismissed for the reasons discussed above, with leave to file

8    an amended complaint within thirty days from the date of service of this order.  Failure to file an

9    amended complaint will result in a recommendation that the action be dismissed.

10   DATED: 6/14/05

11

12                                    /s/ Gregory G. Hollows

13                                    _____
                                      GREGORY G. HOLLOWS
                                      UNITED STATES MAGISTRATE JUDGE

14   ggh:kj
     saif829.b

15

16

17

18

19

20

21

22

23

24

25

26

4