IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KHALIFAH E.D. SAIF'ULLAH,

    Plaintiff,

vs.

CALIFORNIA BOARD OF
PRISON TERMS, et al.,

    Defendants.

No. CIV S-05-0829 LKK GGH P

ORDER

/

On June 14, 2005, the court dismissed the original complaint with leave to amend. Pending before the court is the amended complaint filed June 27, 2005.

Plaintiff alleges that he has been improperly found unsuitable for parole. In particular, plaintiff alleges that the Board of Prison Terms (BPT) has failed to follow the appropriate regulations and has instead applied a "no parole" policy to find him unsuitable. Plaintiff contends that Cal. Penal Code § 1170.2 requires the BPT to establish his release date, which it has not done. Plaintiff also contends that Cal. Penal Code § 3041 also requires the BPT to set a release date.

As explained in the June 14, 2005, order, prior to July 1, 1977, California operated under an indeterminate sentencing law (ISL) system. Guzman v. Morris, 644 F.2d

1

1295, 1296 (9th Cir. 1981). On July 1, 1977, California's Determinate Sentencing Law (DSL) went into effect. Id. As part of the conversion from the ISL to DSL, certain indeterminate sentences were to be "reset." Id. The provisions of Cal. Penal Code § 1170.2 apply to the resetting of sentences imposed for felonies committed prior to July 1, 1977. The DSL contains some provisions for indeterminate sentences. See In re Dannenberg, 34 Cal.4th 1061, 1078, 23 Cal.Rptr.3d 417 (2005).

Plaintiff's commitment offense and sentence occurred after July 1, 1977, under indeterminate sentencing provisions of the determinate sentencing law. Plaintiff's life sentence is an indeterminate sentence. See Danneberg, at 1078, 23 Cal.Rptr.3d 417. As such, plaintiff "becomes eligible for parole after serving [a] minimum term [] of confinement," but the determination of his actual term of confinement rests with the Board of Prison Terms. Id. Plaintiff's contention that, absent notice and hearing, he was entitled to release on a date set pursuant to the provisions of Cal. Penal Code § 1170.2 is without merit; that section has no application to plaintiff.

Plaintiff is correct that his eligibility for parole is governed by the provisions of Cal. Penal Code § 3041. This section provides,

> (a) In the case of any prisoner sentenced pursuant to any provision of law, other than Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2, the Board of Prison Terms shall meet with each inmate during the third year of incarceration for the purposes of reviewing the inmate's file, making recommendations, and documenting activities and conduct pertinent to granting or withholding postconviction credit. One year prior to the inmate's minimum eligible parole release date a panel consisting of at least two commissioners of the Board of Prison Terms shall again meet with the inmate and shall normally set a parole release date as provided in Section 3041.5. The panel shall consist solely of commissioners or deputy commissioners from the Board of Prison Terms.
>
> The release date shall be set in a manner that will provide uniform terms for offenses of similar gravity and magnitude in respect to their threat to the public, and that will comply with the sentencing rules that the Judicial Council may issue and any sentencing information relevant to the setting of parole release dates. The board shall establish criteria for the setting of parole release dates and in doing so shall consider the number of victims of the crime for which the prisoner was sentenced and other factors in mitigation or aggravation of the

crime.

Cal. Penal Code § 3041.

In compliance with the statutory mandate, the Board of Prison Terms issued regulations which guide it in finding prisoners convicted of life offenses with parole eligibility for parole setting. See Cal. Code Regs. tit. 15, § 2402.

Section 3041 requires the BPT to find a prisoner eligible for parole if the prisoner meets the criteria set forth in the established regulations. To succeed on his claim that he was denied parole pursuant to a no-parole policy, plaintiff must demonstrate that, pursuant to the regulations, he met the criteria for parole suitability. Plaintiff's complaint contains no allegations supporting such a claim. Accordingly, this claim is dismissed.

The court will grant plaintiff one final opportunity to amend his complaint to state a colorable claim. If plaintiff files a second amended complaint, he should address the issues discussed above by the court. If possible, plaintiff should provide the court with the transcript from the suitability hearing he is challenging. The second amended complaint should not include any claims found not colorable by the court.

Accordingly, IT IS HEREBY ORDERED that plaintiff's amended complaint filed June 27, 2005, is dismissed with thirty days to file a second amended complaint; failure to file a second amended complaint within that time will result in a recommendation of dismissal of this action.

DATED: 7/20/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
saif829.ame