IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KHALIFAH E.D. SAIF'ULLAH,

    Plaintiff,                    No. CIV S-05-0829 LKK GGH P

    vs.

CALIFORNIA BOARD OF
PRISON TERMS, et al.,

    Defendants.               FINDINGS & RECOMMENDATIONS

                                    /

          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's second amended complaint filed August 25, 2005. After carefully reviewing the record, the court recommends that this action be dismissed.

          Plaintiff alleges that he is challenging parole procedures. Plaintiff is serving a life sentence for his 1980 conviction for kidnap by use of force. State prisoners may bring § 1983 actions challenging the constitutionality of state parole procedures. Wilkinson v. Dotson, 504 U.S. 74, 125 S.Ct. 1242 (2005). Plaintiff's main claim appears to be that defendants were required to set his release date pursuant to Cal. Penal Code § 1170.2.

/////

1

1    Plaintiff's claim that defendants did not properly follow state law does not
2 challenge the constitutionality of parole procedures.  Rather, this claim is challenging the
3 interpretation and application of state law as it applies to plaintiff's sentence.  The alleged
4 improper application of state law is not subject to review by federal court.  Lewis v. Jeffers, 497
5 U.S. 764, 779, 110 S.Ct. 3092, 2102 (1990).
6    In any event, plaintiff's claim alleging that defendants failed to follow Cal. Penal
7 Code § 1170.2. is without merit.  Prior to July 1, 1977, California operated under an
8 indeterminate sentencing law (ISL) system.  Guzman v. Morris, 644 F.2d 1295, 1296 (9th Cir.
9 1981).  On July 1, 1977, California's Indeterminate Sentencing Law (DSL) went into effect.  Id.
10 As part of the conversion from the ISL to the DSL, certain indeterminate sentences were to be
11 "reset."  Id.  The provisions of Cal. Penal Code § 1170.2 apply to the resetting of sentences
12 imposed for felonies committed prior to July 1, 1977.
13   Plaintiff's commitment offense occurred, and plaintiff was sentenced, after July 1,
14 1977, under the indeterminate sentencing provisions of the determinate sentencing law.  Second
15 Amended Complaint, Exhibit B.  Plaintiff's life sentence is an indeterminate sentence.  In re
16 Dannenberg, 34 Cal.4th 1061, 1078, 23 Cal.Rptr.3d 417, 426 (2005).  As such, plaintiff
17 "becomes eligible for parole after serving [s] minimum term [] of confinement," but the
18 determination of his actual term of confinement rests with the Board of Prison Terms.  Id.
19 Plaintiff's claim that he was entitled to release on a date set pursuant to the provisions of Cal.
20 Penal Code § 1170.2 is without merit; that section has no application to plaintiff.
21   Plaintiff also alleges that defendants follow an unofficial policy of denying parole
22 to all inmates serving life terms.  Plaintiff also suggests that the most recent decision finding him
23 unsuitable for parole was not supported by some evidence.  These claims do not challenge parole
24 procedures.  Rather, these claims challenge the validity of the decisions finding plaintiff
25 unsuitable for parole and should be raised in a habeas corpus petition.  For this reason, these
26 claims should be dismissed.

For the reasons discussed above, the court recommends that this action be dismissed.

IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   2/22/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
saif829.dis